UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY        Case No. 0:15-cv-2646 (ADM/SER)
COMMISSION,

         Plaintiff,

and,

BRITNEY AUSTIN,

         Plaintiff/Intervenor,        **CONSENT DECREE**

v.

DELUXE FINANCIAL SERVICES, INC.,

         Defendant.

## I.  RECITALS

1.    This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "EEOC"), an agency of the United States government, alleging that Defendant Deluxe Financial Services, Inc. ("Deluxe") violated Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff/Intervenor Britney Austin ("Ms. Austin") to a hostile work environment and disparate treatment because of her sex, including because Ms. Austin is a woman who is transgender; because of Ms. Austin's transition from male to female during her employment with Deluxe; because Ms. Austin did not conform to Defendant's sex or gender-based preferences, expectations, or stereotypes of women; and/or because of Defendant's sex or gender-based expectations

or stereotypes related to individuals assigned the male sex at birth.  In addition, Ms. Britney Austin alleges disparate treatment, disparate impact, and hostile work environment based on sex under Title VII, unlawful retaliation under Title VII, and disparate treatment, impact, unlawful medical inquiries, and retaliation under the Americans with Disabilities Act (ADA).

2.      Defendant Deluxe denies that it violated Title VII or the ADA and further denies that it treated Ms. Austin unlawfully. Deluxe states it is fully committed to fostering an inclusive, respectful workplace.

3.      The Parties to this Decree are the Plaintiff EEOC, Plaintiff/Intervenor Britney Austin, and the Defendant Deluxe Financial Services, Inc. (collectively referred to as the "Parties").

4.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be resolved by entry of this Decree.  For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

8.      **Term:** The duration of this Decree shall be three years from the date of signing by the Court.

9.      **Scope:** The terms of this Decree shall apply to all of Defendant's facilities and operations. The terms of the Decree will also apply to any additional facilities which Defendant opens during the three year term of the Decree.

## IV. ISSUES RESOLVED

10.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the EEOC's and Ms. Austin's claims of unlawful employment practices under Title VII and the ADA filed in this action, and in the underlying Charge of Discrimination No. Charge No. 540-2011-02711, filed by Ms. Austin.

11.      Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree. Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree. Any individual charges of discrimination filed with EEOC after the effective date of this Decree will be processed by EEOC in accordance with its standard procedures.

12.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

### V.  MONETARY RELIEF

13.     Defendants will not condition the receipt of individual relief upon Ms. Austin's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities.

14.     Within five (5) calendar days following the Court's approval of this Decree, Deluxe shall pay a total of One Hundred Fifteen Thousand dollars ($115,000.00) in the form of three checks as follows:

   a.     By check made payable to "Britney Austin" in the amount of Two thousand two hundred fifty-four and 40/100 dollars ($2,254.40) representing backpay, including the value of lost benefits of employment and interest, less only the employee's share of required federal, state and local tax withholdings.  Defendant shall timely issue an I.R.S. Form W-2 for Britney Austin for this amount; and

   b.     By check made payable to "Britney Austin" in the amount of Seventy-two thousand seven hundred eighty-three and 49/100 dollars ($72,783.49) representing other damages, including but not limited to, damages for compensatory damages.  Defendant shall designate the compensatory

damage payment as "other income" (Box 3) on an I.R.S. Form 1099-MISC.

c.  By check made payable to the "Law Offices of Jillian T. Weiss, P.C.," in the amount of Thirty-nine thousand nine hundred sixty-two and 11/100 dollars ($39,962.11), representing payment for attorneys' fees and expenses.  Deluxe shall issue an IRS Form 1099-Misc. (Box 3) to Austin in connection with this payment, and an IRS Form 1099-Misc. (Box 14) to the Law Offices of Jillian T. Weiss, P.C., in connection with this payment.

15.  The payment(s) set forth in Paragraph 14 above, shall be delivered to: Britney Austin c/o Jillian T. Weiss, Esq., Law Office of Jillian T. Weiss, P.C., P.O. Box 642, Tuxedo Park, New York 10987.

16.  Copies of the payment(s) set forth in Paragraphs 14 and 15 above and related documents (including copies of I.R.S. Form W-2 and I.R.S. Form 1099) shall be sent contemporaneously to Iris Halpern, Senior Trial Attorney, EEOC, Denver Field Office, 303 E. 17th Avenue, Suite 410, Denver, CO, 80203.

17.  If Deluxe fails to timely meet its payment obligations as described in Paragraphs 14, 15 and 16 above, then Deluxe shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until effective payments are mailed, and bear any additional costs incurred by Austin and/or the EEOC caused by the non-compliance or delay.  And, in the event Deluxe fails to meet its payment obligations

under Paragraph 14 above, then Deluxe agrees that Judgment may be entered in favor of Ms. Austin in the amount of $115,000.00.

## VI.  OTHER INDIVIDUAL RELIEF

18.   **Expungement of Personnel Files**.  Defendant shall expunge from Ms. Austin's personnel file (a) any poor evaluations, discipline, or discharge documents after September 1, 2010 and destroy these; (b) any and all references to any charge of discrimination filed against Defendant; (c) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (d) any and all references to Ms. Austin's participation in this action.

19.   **Reference:**   Defendant agrees that whenever a prospective employer requests a reference relating to Britney Austin, Defendant shall provide the dates of Ms. Austin's employment.  No mention of the charge of discrimination this lawsuit, or Ms. Austin's prior legal name shall be made as part of any reference.  In addition, Deluxe will provide a neutral reference in the form attached as Exhibit A, which will make clear that Ms. Austin is eligible for rehire.

20.   **Assure Personnel Records Are Correct.**  Defendant shall ensure that all of Defendant's records reflect that Britney Austin was laid-off as part of an office-wide reduction in force when the Phoenix, Arizona office ceased operations.

21.   **Letter of Apology**.  Within ten (10) business days after entry of this Decree, Defendant shall provide a letter of apology to Britney Austin on company letterhead in the form attached as Exhibit B.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

22.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, is permanently enjoined from engaging in any employment practice which discriminates on the basis of sex, including sex-stereotyping, gender identity, and transgender status.

23.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, is permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or the Americans with Disabilities Act, as amended.  Defendant shall not retaliate against a person because such person refuses to engage in or participate in discriminatory practices; brings an internal complaint of discrimination with the Defendant; files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII and ADA.

24.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, is permanently enjoined from engaging in any employment practice which discriminates under the Americans with Disabilities Act.

**B.**     **_EEO Policy and Practice Review_**

25.     Within sixty (60) days of the entry of this Decree, Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies and practices to conform to the law and revise, if necessary. The written EEO policies must include at a minimum:

a.     A strong and clear commitment to preventing unlawful sex discrimination, including, but not limited to, prohibiting discrimination based on disability (including gender dysphoria), sex-stereotyping, gender identity, and transgender status;

b.     A strong and clear commitment to preventing unlawful harassment including, but not limited to, harassment based on sex, sex-stereotyping, gender identity, and transgender status (including the intentional misgendering of transgender employees);

c.     A strong and clear commitment to preventing retaliation;

d.     A statement that discrimination based on sex, disability, and retaliation is prohibited and will not be tolerated;

e.     An explanation that prohibited behavior will not be tolerated from its employees, customers, agents, contractors, sub-contractors, clients and any other persons present at any of the Deluxe's facilities and locations;

f.     A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

g. An explanation that employee concerns about discrimination may be raised with any manager, any HR representative, any Deluxe executive or through an employee hotline (including phone number 1-800-231-1751);

h. An explanation that employees will not be required to complain of discrimination directly to the individual that is engaged in the discriminatory behavior;

i. A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

j. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

k. An assurance that appropriate corrective action will be taken by Defendant to eradicate any unlawful conduct within  its workforce;

l. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

m. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who

provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

n.    A requirement that supervisors and managers report any complaints about harassment, discrimination or retaliation to Deluxe Employee Relations.

26.    Defendant will ensure not to discriminate based on sex and/or disability against anyone for requesting changes to their biographical information (including name and sex-designation) in Defendant's internal records, computers or communication systems and will not require medical documentation or medical records, or conduct any other inquiry into the requesting individual's medical history, in relation to any such requests.  .

27.    Defendant will ensure that employee requests to change sex-designation or name information in Defendant's internal records, computer and communication systems are fully and promptly complied with.

28.    Defendant and/or its related companies currently have transgender employees who are allowed use of restrooms commensurate with their gender identity and who, to the best of Defendant's knowledge, do not claim to have been treated unlawfully. Defendant will ensure that access for these employees to restrooms commensurate with their gender identity will remain unhindered.

29.    Within sixty (60) days of the entry of this Decree and in consultation with the Consultant, Defendant will review and modify its written guidelines for supervisors and managers to make clear that transgender employees are permitted to use restrooms commensurate with their gender identity. Defendant will prohibit any inquiry into an

10

employee's medical history, including, but not limited to, requests for information about, or requiring medical records or documentation of, sex reassignment surgery or other medical treatment before an employee may use a restroom commensurate with his or her gender identity.

30.     As of January 1, 2016, Defendant's national health benefits plan does not and will not include partial or categorical exclusions for otherwise medically necessary care solely on the basis of sex (including transgender status) and gender dysphoria. For example, if the health benefits plan covers exogenous hormone therapy for non-transgender enrollees who demonstrate medical necessity for treatment, the plan cannot exclude exogenous hormone therapy for transgender enrollees or persons diagnosed with gender dysphoria where medical necessity for treatment is also demonstrated. This plan was available to all Deluxe's United States-based employees during open enrollment for 2016 and will be available for all open enrollment periods during the term of this Decree. In addition, Defendant will notify its national plan third party administrator contracted to provide benefits to covered beneficiaries of these non-discrimination requirements. Defendant will also take steps to ensure that employees can meaningfully report health benefits related discrimination on the basis of sex (including transgender status) and gender dysphoria directly to Defendant in the same manner other complaints of sex and disability discrimination are reported.

31.     Within seventy five (75) days after completion of the policy reviews and changes required under this Decree, the written EEO policies shall be made part of the

employee handbook and posted on Deluxe's "Inside Deluxe" intranet. Notice of these changes shall be conspicuously highlighted on the "Inside Deluxe" intranet homepage.

32.     Defendants shall review and revise any policies or procedures they have for receiving and responding to complaints of sex or disability discrimination, including complaints about unlawful treatment that raise a concern of discrimination without using the exact phrases disability discrimination or sex discrimination. To the extent that no policies or procedures exist, they must be created. Defendants shall assure that all supervisors, managers, human resources personnel, as well as any persons responsible for receiving and addressing employee complaints, do the following:

      a.     Document in writing, without bias, any complaint of discrimination, harassment, and/or retaliation, even if the complaint is oral or the complainant does not want to provide a written statement, and the complainant does not use these technical terms.

      b.     Document in writing, without bias, any interview by the person(s) investigating the complaint.

      c.     Document in writing, without bias, all steps taken to investigate a complaint of discrimination, harassment, and/or retaliation.

      d.     Have in place a system of preservation, for all original records of complaints and subsequent investigations that ensures preservation of all documents for no less than 5 years.

*C.*    *Training*

33.    At least annually, Defendant shall provide EEO training for all its personnel.

34.    **Employees:** Under this provision, all United States-based Deluxe employees, including employees, supervisors, managers, and Human Resources personnel, will be trained annually at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful sex and disability discrimination, including discrimination based on sex-stereotyping, gender-identity, transgender status, and gender dysphoria; (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's non-retaliation policy. All training under this Paragraph shall be at Defendant's selection and expense. This training shall be incorporated into Defendant's existing mandatory training program, which includes penalties for employees who fail to complete the training each year.

35.    **Supervisors and Managers:** In addition to the annual training required in paragraph 34, all of Defendant's United States-based supervisors and managers will also receive additional annual training in the following areas: (a)  supervisor and manager responsibilities under Defendant's EEO policies and practices; (b) Defendant's prohibition against retaliation for complaints or reports of harassment, including harassment based upon sex-stereotyping, gender-identity, transgender status, and gender dysphoria; (c) the role and responsibilities of supervisors and managers when an employee complains about or reports harassment or suspected harassment. All training

under this Paragraph shall be at Defendant's selection and expense. This training shall be made mandatory.

36.  **Human Resource Employees:**  In addition to the annual training required in paragraphs 34 and 35, during calendar year 2016, Defendant will require all individuals in the United States who work in a human resource capacity and who provide human resources support to receive additional training regarding Title VII, the ADA, and other federal anti-discrimination laws as described in this paragraph.

a.  The training must directly address sex discrimination, including sex-stereotyping, gender-identity discrimination, and discrimination based on transgender status.

b.  The training must directly address disability discrimination, including discrimination against individuals who have been diagnosed with gender dysphoria.

c.  The training must include instruction in the proper methods of identifying, receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found.

37.     Defendant will require employees who are newly hired or promoted into a human resource position to receive this training within thirty (30) days of being hired or promoted into a human resource position.

38.     **Training on Investigative Techniques:**   All employees with direct responsibility for responding to or investigating complaints of discrimination, shall be provided annual training on accepted professional standards for identifying possible discrimination or retaliation, receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods  for eliminating and ameliorating violations of anti-discrimination law.

39.     Defendant agrees that the training will take place during 2016.  Defendant agrees to document all personnel who complete trainings under this paragraph.

**D.**     *Posting of Notice*

40.     Within ten (10) calendar days from the Court's execution of this Decree, Deluxe shall post an eight and one-half (8.5) inches by eleven (11) inches laminated copy of the Notice attached as Exhibit C to this Decree at all of Deluxe's facilities in a conspicuous location or locations, easily accessible to and commonly frequented by Deluxe's employees (*i.e.* employee bulletin board or lunch room). The Notice shall remain posted for the duration of this Decree.  Deluxe shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Within fifteen (15) calendar days from the Court's execution of this Decree, Deluxe shall certify

to the EEOC in writing that the Notice has been properly posted as described in this paragraph.

**E.     *EEO Compliance as a Component of Management Evaluation***

41.     Defendant shall, beginning in 2016, and at least continuously for the duration of this Decree, modify its management evaluation and compensation system to include EEO compliance and, compliance with policies and laws prohibiting retaliation as factors which shall be used to evaluate all managerial employees, including all managers and supervisors.

## VIII.  RECORD KEEPING AND REPORTING PROVISIONS

42.     For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

    a.   Complaints of discrimination based on sex stereotyping, gender identity or transgender status received by Deluxe Employee Relations and/or the Deluxe Employee Hotline and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

    b.   All documents related to the employee training described above, including but not limited to training materials;

    c.   Copies of all written policies and/or guidelines that result from complying with this Decree, including, but not limited, Defendant's revised EEO polices and guidelines; and,

     d.    Documents related to compliance with this Decree.

43.    **Reporting Requirements:** Defendant shall provide annual reports following the entry of this Decree. The first such report shall be due six months following the entry of this Decree and the final report shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

44.    Each report shall provide the following information:

    a.    **Reports of Discrimination**

        1.    For purposes of this Paragraph the term "report of discrimination" will include any written or verbal complaint received by Deluxe Employee Relations and/or Deluxe Employee Hotline that might allege discrimination, or the witnessing of discrimination, based on sex-stereotyping, gender identity discrimination, or transgender status.

        2.    The report will include:

- The name, address and telephone number of each person making a complaint of such discrimination to Defendant or any federal, state, or local government agency;

- The name, address and telephone number of each person identified as a potential witness to the incident of discrimination;

- A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated

or responded to the complaint, and what, if any resolution was reached; and,

- Copies of all non-privileged documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

b. **Posting of Notice.** Defendant shall recertify to the Commission that the Notice required under this Consent Decree was posted in accordance with the requirements of this Decree.

c. **EEO Policies and Guidelines.** Defendant's first report under this provision shall include copies of Defendant's revised EEO policy and guidelines. If changes are made to the EEO policy and guidelines, these changes must be included in the next report.

d. **Letter of Reference and Letter of Apology.** Defendant's first report under this provision shall include copies of the Letter of Reference and Letter of Apology sent to Britney Austin as required by this Decree.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

45.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

## X.  COMPLIANCE

46.     In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Consent Decree, it shall:

a.     Notify Defendant in writing of the alleged non-compliance; and,

b.  Afford Defendant forty-five (45) business days after service of such notification to remedy the non-compliance.

c.  If Defendant has not remedied the alleged non-compliance within forty-five (45) business days, the EEOC may petition the Court to enforce the terms of this Consent Decree at any time during which this Court maintains jurisdiction over this action.

d.  In the event the Court finds Defendant violated this Consent Decree, the Court may order appropriate relief to remedy the non-compliance, including attorneys' fees and appropriate injunctive relief.

## X. EEOC AUTHORITY

47.   With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

48.   Defendant shall be responsible for and shall pay Plaintiff Intervenor's attorney fees, as specified above.

## XII. NOTICE

49.   Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

For Plaintiff:                              For Defendant:


Iris Halpern                               Mary Budge
Senior Trial Attorney                      Senior Counsel
EEOC Denver Field Office                   Deluxe Corporation
303 East 17th Avenue Suite 410  3680 Victoria Street North
Denver, Co. 80203                          Shoreview, MN 55126
(303) 866-1374                             (651) 787-1318



## XIII. SIGNATURES

50.     The parties agree to the entry of this Decree subject to final approval by the

Court.


SO ORDERED this 20th day of January, 2016.

                              BY THE COURT:


                              s/Ann D. Montgomery
                              Ann D. Montgomery
                              United States District Judge

BY CONSENT AND APPROVED AS TO FORM:

EQUAL EMPLOYMENT                           DELUXE FINANCIAL SERVICES, INC.
OPPORTUNITY COMMISSION


By:   *s/ Mary Jo O'Neill*                    By:   *s/ Anthony  Scarfone*
      Mary Jo O'Neill                               Anthony C. Scarfone
      Regional Attorney                             Director/Manager


Date:  1/15/2016                              Date:  1/15/2016


 *s/ Iris Halpern*                             *s/ David Wilk*
Iris Halpern (NY #4681607)                    David M. Wilk (#0222860)
Senior Trial Attorney                         Angela Beranek Brandt (#0293143)
Michael Imdieke (Colo. #43940)               30 East Seventh Street, Ste. 2800
US EEOC, Denver Field Office                 Saint Paul, MN  22101-4922
303 East 17th Avenue, Ste. 410               (651) 312-6500 | Fax: (651) 312-6618
Denver, CO  80203                            dwilk@larsonking.com
(303) 866-1374 | Fax: (303) 866-1085         abrandt@larsonking.com
Iris.Halpern@eeoc.gov
Michael. Imdieke@eeoc.gov

Laurie Vasichek (#171438)
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401-2224



PLAINTIFF INTERVENOR COUNSEL

 *s/ Jillian T. Weiss*
Jillian T. Weiss (NY Bar No. 2125011)
Ezra Young (NY Bar No. 5283114)
Law Office of Jillian T. Weiss, P.C.
P.O. Box 642
Tuxedo Park, NY 10987
845-709-3237
Fax: 845-915-3283
jtweiss@jtweisslaw.com
eyoung@jtweisslaw.com

**EXHIBIT A (Letter of Reference)**

[On Company Letterhead]

To Whom It May Concern:

Britney Austin worked for Deluxe Financial Services from October 8, 2007 to July 29, 2011. Ms. Austin worked at Deluxe's call center in Phoenix, Arizona until the call center was closed.  Ms. Austin is eligible for rehire with our company.

Sincerely,


Deluxe Financial Services, LLC

**EXHIBIT B (Letter of Apology)**

[On Company Letterhead]

> RE:   *EEOC v. Deluxe Financial Services, Inc.*, Civil Action No. 0:15-cv-02646
> (D. Minn.)

Dear Ms. Austin:

On behalf of Deluxe Financial Services, I wish to express my sincere regret at how you were treated in the last year of your employment with Deluxe. We want to ensure you that we have made changes to our internal policies, including how we treat transgender employees' requests to change biographical information or use a restroom commensurate with their gender identity. The company has changed its policies to ensure that transgender employees may use a restroom commensurate with their gender identity, that the company will promptly correct that employee's sex designation and name in our internal records and systems, and that we will take hostile comments based on sex-stereotyping seriously, investigate them, and take prompt corrective and remedial action.

> Sincerely,
>
>
>
> _____
> Julie Loosbrock
> Senior Vice President Human Resources
> Deluxe Financial Services

23

**EXHIBIT C**

[On company letterhead]

**<u>NOTICE</u>**

The following notice is being circulated pursuant to the terms of a Consent Decree reached between the Parties in *<u>EEOC v. Deluxe Financial Services, Inc.</u>*, filed in the United States District Court for the District of Minnesota, Civil Action No. 0:15-cv-02646.

Federal law, including Title VII of the Civil Rights Act of 1964, makes it unlawful for an employer to discriminate based upon sex including treating differently or harassing an employee because of stereotypes about how a person of his or her sex should look or act, or because of his or her gender identity or transgender status. Discrimination against transgender status includes the intentional misuse of gender pronouns when referring to an employee, and refusing to let a transgender employee use a restroom commensurate with his or her gender identity. The Americans with Disabilities Act also prohibits discrimination against individuals with gender dysphoria. Federal laws generally protect against discrimination because of race, color, sex (including sexual harassment and pregnancy discrimination), religion, disability, and age.

If you believe you have been subjected to discrimination or retaliation because of your disability, sex, or because you are transgender, employees are encouraged to contact [Insert name of appropriate authority(s) and if applicable contact numbers].

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, genetic information, or disability, has the right to contact the EEOC directly at [phone number; address of local office], or the Minnesota Department of Human Rights at [ phone number/ local address]. It is unlawful for any employer to retaliate against an employee because the employee complains about a discriminatory practice, sought legal advice with respect to possible discriminatory treatment, or because the employee filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because the employee has participated in an investigation of a charge of discrimination. In compliance with federal law, no official at Deluxe Financial Services will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

By: _____        Date: _____

*Julie Loosbrock*
*Senior Vice President Human Resources*